1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ADAM TRUJILLO,

11              Plaintiff,                 No. CIV S-07-1850 MCE KJM P

12        vs.

13   COUNTY OF MODOC, et al.,

14              Defendants.               <u>ORDER</u>

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $5.32 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

                                          1

1   preceding month's income credited to plaintiff's prison trust account.  These payments will be

2   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in

11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.

14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

18  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

20  Atlantic Corp. v. Twombly, __ U.S. __, 126 S.Ct. 1955, 1964-65 (2007).  A complaint must

21  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

22  factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

23  "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair

24  notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, __

25  U.S. __, 127 S.Ct. 2197 (2007).  In reviewing a complaint under this standard, the court must

26  /////

accept as true the allegations of the complaint, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that while he was in the custody of Modoc County, defendant Nessling, a sheriff's deputy, twisted his arm with so much force that his shoulder popped out of its joint, producing serious damage to his shoulder.  He also alleges that medical care was delayed and that he was not seen by a doctor until he reached state prison.

The complaint states a claim against defendant Nessling.  However, plaintiff has also named the County of Modoc as a defendant; his allegations do not state a claim against the county.

In Monell v. New York City Dept. Of Social Services, 436 U.S. 658, 694 (1978), the Supreme Court held a municipality was not liable under the civil rights act simply because the agency or municipality employed a person who violated a plaintiff's constitutional rights. The basis for any such claim must be a showing of a governmental policy or custom that was "the moving force" behind the constitutional violation.  City of Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1985).  The Ninth Circuit has distilled these pleading requirements for a § 1983 action against a municipality:  the plaintiff must show he was deprived of a constitutional right, the municipality has a policy, the policy amounts to deliberate indifference to plaintiff's constitutional rights and the policy is the moving force behind the constitutional violation. Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).  Plaintiff has not alleged that his problems stemmed from a government policy that was a moving force behind his problems.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of

Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

amended complaint be complete in itself without reference to any prior pleading.  This is

because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.

Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently

alleged.

          In accordance with the above, IT IS HEREBY ORDERED that:

          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

Plaintiff is assessed an initial partial filing fee of $5.32.  All fees shall be collected and paid in

accordance with this court's order to the Director of the California Department of Corrections

and Rehabilitation filed concurrently herewith.

          3.  Plaintiff is granted thirty days from the date of service of this order to file an

amended complaint that complies with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

an original and two copies of the amended complaint; failure to file an amended complaint or

provide the notice described in paragraph 4 below in accordance with this order will result in a

recommendation that this action be dismissed.

/////

/////

1          4.  In the alternative, should plaintiff chose not to file an amended complaint, he

2   should notify the court within thirty days of the date of this order and the court will issue the

3   documents necessary for service of summons and complaint on defendant Nessling.

4   DATED:  December 10, 2007.

5   _____

6   U.S. MAGISTRATE JUDGE

7   2
    truj1850.14

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5